**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4792**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

KOFIE AKIEM JONES,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Frederick P. Stamp, Jr., Senior District Judge. (1:03-cr-00047-FPS-JSK-1)

———————

Submitted: March 19, 2013           Decided: April 2, 2013

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

E. Ryan Kennedy, ROBINSON & MCELWEE, Clarksburg, West Virginia, for Appellant. Robert H. McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kofie Akiem Jones appeals his sentence at the low end of his Guidelines range imposed in resentencing after the district court granted his motion to vacate his mandatory life sentence under 18 U.S.C. § 3559(c)(7) (2006). On appeal, Jones contends that the district court abused its discretion by not sentencing him below his Guidelines range, erred in finding brandishing of a firearm on count six as a result of a special interrogatory to the jury, and erred in applying an organizer or leader enhancement and not a role reduction. We affirm.

We review a sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is procedurally reasonable, we then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

2

In determining whether the district court properly applied the Guidelines, we review the court's legal conclusions de novo and its factual findings for clear error. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009). Procedural sentencing errors and other specific claims of error raised for the first time on appeal are reviewed for plain error. United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010); United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). Preserved claims are reviewed for abuse of discretion, and if we find abuse, reversal is required unless the error was harmless. Lynn, 592 F.3d at 576. Substantive reasonableness is reviewed under an abuse-of-discretion standard. Carter, 564 F.3d at 328.

We have reviewed the record and conclude that Jones's sentence is both procedurally and substantively reasonable. The district court did not clearly err in applying a two-level enhancement for his role as organizer or leader in the criminal activities or in denying a role reduction. The court correctly calculated his Guidelines range and reasonably determined that a sentence within the range was appropriate in this case. In making this determination, the district court considered Jones's arguments and his post-original sentencing rehabilitation.

We further conclude that the district court did not err in resentencing Jones on count six to a consecutive prison term of twenty-five years under 18 U.S.C. § 924(c)(1)(C)(i)

(2006). To the extent that Jones challenges his twenty-five year sentence based on the jury's finding that a firearm was brandished, we conclude that the sentence was not dependent on the finding and any error would necessarily be harmless. To the extent that he challenges his conviction or otherwise challenges the district court's actions at trial, we conclude that Jones waived this challenge by not raising it in his first appeal. See United States v. Pileggi, 703 F.3d 675, 680 (4th Cir. 2013).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED